IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL J. LEVERTON                                                    PLAINTIFF

v.                          Civil No. 3:25-cv-03054-CDC

SHERIFF JOHN MONTGOMERY, Baxter
County, Arkansas; JAIL ADMINISTRATOR
TABITHA MAZE, Baxter County Detention
Center (BCDC); CORPORAL MASON
CRUISE (BCDC); and SERGEANT ALMA
BROWN (BCDC)                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Michael J. Leverton ("Leverton") filed this action alleging civil rights violations under 42 U.S.C. § 1983. Leverton proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening of the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; General Order 2024-02.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

## I. BACKGROUND

Leverton's Complaint asserts four claims. Two of his counts allege unconstitutional conditions of confinement in violation of his rights under the Eighth Amendment to the United States Constitution. The other two counts allege First Amendment violations: one regarding restriction of his ability to communicate with the outside world, and the other regarding impediments to his ability to access the courts.

Leverton brings his claims against all defendants in both their official and individual capacities. As relief, he is seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a federal statutory or constitutional right.

There are two deficiencies in Leverton's Complaint.  The most straightforward one is that although the caption names Corporal Mason Cruise as a defendant, the pleading does not actually contain any factual allegations about him.  Lacking any facts about Defendant Cruise, the Complaint does not provide any basis for inferring that he deprived Leverton of any federal right.  Since the Complaint does not state any claims against Defendant Cruise, he must be dismissed from this case.

The other deficiency concerns Leverton's First Amendment claim for deprivation of his right of access to the courts.  Leverton alleges that the facility's law library is inadequately stocked, and that Defendant Maze refused to fill out his *in forma pauperis* application.  *See* ECF No. 1, p. 9.  Leverton asserts that this violates his right of access to the courts under the First Amendment.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's . . . conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d

3

677, 680 (8th Cir. 2007). To prove "actual injury," the plaintiff must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or [is] being impeded." *Id.* Here, Leverton has not alleged any facts showing that his ability to litigate his other claims in this case have actually been frustrated or impeded. Indeed, he has successfully filed his Complaint (ECF No. 1); and although his *in forma pauperis* application was initially deficient, *see* ECF No. 3, the Court entered an Order directing Defendant Maze to assist Leverton with completing it, *see* ECF No. 4, and the defect was ultimately remedied, *see* ECF No. 8. Thus, Leverton's Complaint does not allege any facts showing that he has suffered an "actual injury" to his right of access to the courts. Accordingly, that claim must be dismissed.

## IV. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1915A(b)(1), it is recommended that:

(1) All claims against Defendant Corporal Mason Cruise be dismissed for failure to state a claim upon which relief may be granted; and

(2) Plaintiff's claim for a violation of his First Amendment right of access to the courts be dismissed for failure to state a claim upon which relief may be granted.

This leaves for later resolution Plaintiff's claims regarding unconstitutional conditions of confinement and restrictions on communication with the outside world. By separate order the Complaint will be served on Defendants Montgomery, Maze, and Brown.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **DATED** this **23rd day of September 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE
